UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jacob Morgan,

        Plaintiff

 v.

All My Sons, et al.,

        Defendants

Case No. 2:24-cv-00739-CDS-NJK

**Order Adopting Magistrate Judge's Report and Recommendation and Closing Case**

[ECF No. 7]

      Pro se plaintiff Jacob Morgan alleges "retaliation—[n]ever given a chance to work" against defendants All My Sons, Denise Smith, and William L. Davis. Compl., ECF No. 5 at 2. Because Morgan applied to proceed *in forma pauperis*, Magistrate Judge Nancy J. Koppe screened the complaint and dismissed it without prejudice for failure to state a claim but allowed Morgan leave to amend. Order, ECF No. 4. Morgan had until May 10, 2024 to file an amended complaint. *Id.* at 3. Judge Koppe cautioned Morgan that failure to correct the complaint by that date would result in a recommendation that the action be dismissed. *Id.* at 4. As of the date of this order, Morgan has not filed an amended complaint and the deadline to do so has passed. Thus, on May 16, 2024, Judge Koppe issued a report and recommendation (R&R) that this case be dismissed without prejudice. R&R, ECF No. 7.

      Morgan had until May 30, 2024, to file any objections to the R&R. *Id.*; L.R. IB 3-2(a) (stating that parties wishing to object to an R&R must file objections within fourteen days); *see also* 28 U.S.C. § 636(b)(1)(C) (same). Morgan has neither objected to the R&R nor requested more time to do so. And "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Still, I nonetheless reviewed Judge Koppe's order and R&R and agree with her findings.

As Judge Koppe correctly identified, Morgan is a pro se litigant and may have intended to bring forth a federal claim for employment retaliation, however, the complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure or state a claim on which relief may be granted. Order, ECF No. 4; R&R, ECF No. 7. Pro se litigants should be given leave to amend unless it is absolutely clear that the defective complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, Morgan was given leave to amend the complaint but failed to do so and did not take any further action in this case. Thus, I adopt the R&R in full.

## Conclusion

IT IS THEREFORE ORDERED that Magistrate Judge Koppe's report and recommendation **[ECF No. 7] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that this action is **DISMISSED** without prejudice based on Morgan's failure to file an amended complaint in compliance with Judge Koppe's April 18, 2024, order.

The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

Dated: June 6, 2024

_____
Cristina D. Silva
United States District Judge